**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CURTIS PITMAN
ADC # 119869                                                                                    PLAINTIFF


V.                                        5:08-cv-00198-BSM-JJV


FRAZIER, Lt., Maximum Security Unit, Arkansas
Department of Correction; BAKER, Capt., Maximum
Security Unit, Arkansas Department of Correction;
THOMAS, Sgt., Maximum Security Unit, Arkansas
Department of Correction; and A. BURTON, CO-II,
Maximum Security Unit, Arkansas Department of
Correction; and AQUITA JONES, Maximum Security
Unit, Arkansas Department of Correction                                    DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.

If the objection is to a factual finding, specifically identify that finding and the evidence that

supports your objection.  An original and one copy of your objections must be received in

the office of the United States District Court Clerk no later than eleven (11) days from the

date of the findings and recommendations.  The copy will be furnished to the opposing party.

 Failure to file timely objections may result in waiver of the right to appeal questions of fact.

1

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

## I.      **Procedural History**

Plaintiff alleges in his *pro se* 42 U.S.C. § 1983 Complaint that the Defendants used excessive force against him, in violation of his Eighth Amendment rights.  Plaintiff made a timely demand for a jury trial; however, before expending the resources inherent in such a trial, the Court held a pre-jury evidentiary hearing on October 20, 2009, to determine whether this case should proceed to a jury trial.  Pursuant to the standard set forth in *Johnson v. Bi-*

*State Justice Center*, 12 F. 3d 1133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 1135-36. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*., *(quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 251-2 (1986)).

## II.    Facts

Plaintiff testified that he has been incarcerated at the Arkansas Department of Correction since 2001.  He is currently housed at the Tucker Maximum Security Unit, where the events giving rise to this cause of action occurred.  During the course of his incarceration, Plaintiff testified that he earned an additional ten-year sentence for committing the crime of Battery in the Second Degree for slashing an officer with a razor blade.

The testimony showed that on Sunday, July 6, 2008, Plaintiff was housed in the West Isolation wing of the prison.  Inmates in isolation are escorted by guards during any movement within the unit, and only after being cuffed behind their back.  On this day, Plaintiff was escorted by Defendant Burton and another guard for a regular shower call. Plaintiff was placed inside the shower stall and a metal gate was closed.  The officers then removed the handcuffs through a slot in the shower gate.

Once inside the shower stall, Plaintiff broke the overhead light fixture on the ceiling,

in order to "get someone down there" to the shower gate.[1]  The plastic fixture shattered on the wet shower floor.

After Plaintiff broke the light, Defendant Sergeant Thomas called Defendant Lt. Frazier to the shower hall.  Frazier, accompanied by Defendants Baker and Burton, directed Plaintiff to "catch the cuffs" behind his back at the shower stall opening.  Plaintiff admitted he refused to do as instructed and refused to exit the shower stall.  Thus, the extraction team prepared to remove Plaintiff from the shower.

Plaintiff recounted that Defendant Baker first asked Defendant Jones if the camera outside her control booth was working and then directed her to cover it up.  Plaintiff testified she covered the camera by climbing up on a desk and holding a clipboard over the camera. Then Baker "snatched" the keys from Defendant Thomas and opened the shower gate. Plaintiff described Baker and Frazier "jumping on" him and "slamm[ing him] down to the floor."  He was then cuffed behind his back, and Defendant Frazier "stomped [him] on the back of the head three or four times," "busting [his] head open" with cuts to the face and eye area.

After he was subdued, Plaintiff was taken to the infirmary and treated for his injuries. After Plaintiff removed the bandages back in his cell and the bleeding resumed, he was returned to the infirmary and received approximately eight stitches.  Plaintiff has not alleged

------

[1]  Although he testified at the hearing that he did not now recall why he was trying to attract attention, Plaintiff's Complaint (Doc. No. 2) offers another perspective.  According to this pleading, Plaintiff wanted to masturbate while watching Defendant Jones, who was working in the control booth.  However, because of obstacles in his way Plaintiff could not see her and became frustrated.  "In a state of insanity," wrote Plaintiff, he "snatched the light down."

that he suffered any long-lasting or permanent injury as a result of the incident.

## A.    Evidence

Photographs introduced into evidence and identified by Plaintiff show the scene -both during the incident and shortly thereafter- where the incident took place.  These photographs are extremely compelling and the Court places great importance on these images. Photographs taken just after the incident show the broken light cover, presumably live electrical wires hanging loose from the ceiling, and a sickle-shaped portion of the broken fixture with a long straight edge, wrapped in what Plaintiff identified as his sock to create a handle.  Plaintiff described this as a "shank" he created from the broken light parts. Photographs taken during the incident depict Plaintiff in the shower in a defensive posture and holding the "shank" by the improvised handle. The photographs combined with Plaintiff's testimony reveal that in addition to the shank, other broken shards of the light fixture lay around the still-wet shower stall.  In fact, Plaintiff attributes some of the cuts on his face to those same sharp broken pieces of plastic.

## III.    Analysis

## A.    Excessive Force

Plaintiff's claim of excessive force hinges on his allegation that Defendant Frazier "stomped" him on the back of the head while Plaintiff was restrained by handcuffs on the shower floor.  The United States Court of Appeals for the Eighth Circuit explained the principles governing prisoner claims of excessive force in *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002), as follows:

The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers, *Whitley v. Albers*, 475 U.S. 312, 319 (1986), regardless of whether an inmate suffers serious injury as a result. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Officers are permitted to use force reasonably "in a good-faith effort to maintain or restore discipline," but force is not to be used "maliciously and sadistically to cause harm." *Id*. at 7. ... Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. *Id. See also Hickey v. Reeder*, 12 F.3d 754, 758 (8th Cir.1993). *Accord Fillmore v. Page,* 358 F.3d 496, 503-10 (7th Cir. 2004).

*Id.*

The infliction of pain in the course of a prison security measure is not cruel and unusual punishment "simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Whitley*, 475 U.S. at 319. Plaintiff bears a substantial burden on this issue. "Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain . . . the case should not go to the jury." *Johnson v. Bi-State Justice Center/Arkansas Dept. of Corrections*, 12 F.3d 133, 136 (8th Cir. 1993), citing *Whitley*, 475 U.S. at 322.

The amount of force reasonably necessary to subdue prisoners is not the same for all prisoners. "We are not prepared to say that preemptive force cannot be resorted to in the case of prisoners whom corrections officers reasonably believe to be unusually violent. The question of excessiveness of force, in other words, cannot be assessed in a vacuum; it will vary from circumstance to circumstance. Officers are certainly not required in all cases to

wait until they are attacked before they resort to force. Such a rule would expose them to an unnecessary and unreasonable risk of harm." *McCrary-El v. Shaw* , 992 F.2d 809, 812 (8th Cir. 1993).

The evidence in the light most favorable to Plaintiff shows that Plaintiff was armed and refusing to submit to corrections officers. Even though Plaintiff did sustain injuries, this Court finds no basis to suggest that the Defendants used force maliciously and sadistically to cause harm. Neither is there evidence that the Defendants exceeded the degree of force they perceived necessary to subdue the Plaintiff.

"It is also clearly established that force may be justified to make an inmate comply with a lawful prison regulation or order, but only if the inmate's noncompliance also poses a threat to other persons or to prison security." *Treats*, *supra* at 875. In this instance, officers were faced with an inmate, previously convicted of battery against a guard, armed with a shank and surrounded by shards of broken light fixture. While Plaintiff would portray himself as a restrained inmate face-down on the floor, the officers involved in the incident had no way of knowing with what other weapons Plaintiff might have armed himself. Under the circumstances presented by the Plaintiff, the Court finds no evidence of excessive force on the part of the Defendants.[2]

---

[2]  While the Court found outright dismissal proper based on evidence from the pre-jury hearing, dismissal without prejudice for failure to exhaust would also be proper. Plaintiff also admitted that he did not fully exhaust his administrative remedies through the level of the Deputy/Assistant Director. The Prison Litigation Reform Act requires a prisoner to exhaust administrative remedies before filing suit: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

**IV.**   **Conclusion**

There are no genuine issues of material fact which should be submitted to a jury.

Accepting Plaintiff's evidence as true and giving him the benefit of all favorable inferences,

Defendants are entitled to dismissal of all claims against them as a matter of law, without

further hearing.

IT IS SO RECOMMENDED this <u>12th</u> day of November, 2009.


_____

JOE J. VOLPE

UNITED STATES MAGISTRATE JUDGE

---

remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "[A]n inmate must exhaust
administrative remedies before filing suit in federal court. ... If exhaustion was not completed
at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir.
2003).